IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HORACE R JACKSON,

    Plaintiff,

v.                                        CASE NO. 1:14-cv-102-MP-GRJ

ERIC SIMPSON, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Columbia Correctional Institution, initiated this civil action by filing Doc. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper. Plaintiff is proceeding pursuant to an Amended Complaint, Doc. 6.

Plaintiff's claims stem from incidents that occurred while he was confined at Mayo Correctional Institution. Plaintiff alleges that Defendant Sergeant Richardson verbally threatened him and subjected him to retaliatory treatment by tearing up his mattress and searching his property. Plaintiff contends that he was harassed for exercising his First Amendment rights and was subjected to a retaliatory disciplinary action for improper phone use. Plaintiff concedes that he pleaded guilty to the disciplinary charge. Plaintiff alleges that Defendant Sergeant Simpson informed him that he was going to go to jail for "pissing off" Sergeant Richardson. Plaintiff alleges that as a result of the threats and harassment he used a razor to cut his wrist and neck and used a sheet to try to strangle himself. After being placed under medical care, Plaintiff contends that Defendant Dr. Roberts was deliberately indifferent to his medical needs and refused to allow him to call his mother. Doc. 6.

Defendants have filed motions to dismiss the complaint for, among other grounds, failure to exhaust administrative remedies. Docs. 31, 36. The Court ordered Plaintiff to respond to the motion to dismiss on or before May 13, 2015, failing which the Court would recommend that the motion be granted. Doc. 33. Plaintiff has failed to oppose the motions to dismiss and therefore, for the following reasons, the undersigned recommends that the motions to dismiss be granted.[1]

## PLRA EXHAUSTION REQUIREMENT

The PLRA provides that "[n]o action shall be brought" by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has interpreted this provision to "mandate[ ] strict exhaustion" no matter "the forms of relief sought and offered through administrative avenues." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (quotation marks omitted). To exhaust administrative remedies, a prisoner must complete the administrative review process according to the rules set forth in the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, the PLRA's exhaustion provision requires compliance with prison grievance procedures. *Id*.

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir.2001). It is also clear that, for exhaustion purposes, the facts that count are those in existence at the time the plaintiff files his

---

[1] Plaintiff conceded in the Complaint that he did not administratively exhaust his claims because he was transferred to a different facility and was unsure whether he could still exhaust. Doc. 1. In ordering Plaintiff to amend the complaint, the Court informed Plaintiff that unexhausted claims would be subject to dismissal. Doc. 5.

lawsuit.  *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a prisoner" is determined as of the time suit is filed).  Section 1997e(a) provides that "[n]o action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  The word "brought" in this context "refer[s] to the filing or commencement of a lawsuit, not to its continuation."  *Harris*, 216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply with state grievance procedures "*before* filing a federal lawsuit under section 1983") (emphasis added).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).  "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections.  With certain exceptions, inmates initiate the process by submitting an informal grievance.  If the inmate is dissatisfied with the response to the informal grievance, he can submit a

formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[2]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

The motions to dismiss and attached exhibits reflect the following. Shirley Johnson, the records custodian for all inmate grievance appeals to the Secretary, reviewed Plaintiff's appeal log and grievance files. All but one grievance appeal filed by Plaintiff was returned for noncompliance with the DOC grievance rules. Doc. 31

---

[2] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

Exh. A (Declaration of Shirley Johnson). Specifically, grievance appeals pertaining to events at Mayo CI were returned because Plaintiff failed to initiate his grievances at the institutional level first, as required by the regulations. One grievance appeal that was not returned was denied. However, Appeal # 14-6-36110 concerned Plaintiff's request for protective management at Columbia Correctional Institution, not the Mayo incidents that are the subject of the instant complaint. *Id*.

On this record, it is clear that Plaintiff failed to properly complete the three-step administrative grievance process with respect to the claims in this case. Plaintiff has failed to come forward with any contrary information or arguments in opposition to the motions to dismiss. Because Plaintiff has failed to controvert the factual allegations in Defendant's motions, which show that Plaintiff failed to correctly complete the three-step grievance process, pursuant to the PLRA this case must be dismissed for failure to exhaust administrative remedies. *See Jones,* 549 U.S. at 211*; Turner,* 541 F.3d at 1082.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motions to Dismiss, Docs. 31 and 36, should be **GRANTED** and this case should be **DISMISSED** for failure to exhaust administrative remedies before filing suit.

**IN CHAMBERS** in Gainesville, Florida, on June 3, 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**